## CIRCUIT COURT OF FAIRFAX COUNTY

Albert S. Anderson et al.

v.

Fairfax County
Board of Supervisors

October 27, 1998

Case No. (Chancery) 154590

BY JUDGE MICHAEL P. McWEENY

The Court has received and reviewed the Board's Motion for Reconsideration and Memorandum of Points and Authorities. For the reasons stated below, the Motion is denied.

The issue addressed in the cross-motions for summary judgment was whether the 1993 amendment to Va. Code § 15.2-1517 authorizes the Complainants to enroll in the Fairfax County Plan in spite of their earlier withdrawal from the plan pursuant to a written understanding that they would not be eligible to re-enroll. The Section states in part:

in the event the governing body of any locality elects to provide group accident and health insurance for its officers and employees, ... such programs shall require that upon retirement, or upon the effective date of this provision for those who have previously retired, any such individual ... may choose to continue his coverage ... .

It is stipulated that absent the written understandings, the Complainants would qualify as individuals who could have "continued" their plan enrollment under this statute. It also was stipulated that there were no material facts remaining in dispute and that the case was ripe for summary judgment.

On October 9, 1998, argument was presented and the Court granted summary judgment to the Complainants and denied the Board's prayer for summary judgment. In construing the language of the statute, the Court noted

that awkward drafting left a number of phrases which required more than application of a "plain meaning" standard. The word "continue" remained from the pre-amended section and could not be applied to "those who have previously retired" unless it was read as meaning "re-enroll" or "start" (as in "may choose to re-enroll in his coverage"). In the same way the phrase "upon the effective date of this provision for those who have previously retired, any individual … may choose … ." could be interpreted as having the plain meaning that the legislature was creating a right for those who had previously retired which had to be exercised in a single day. The Court found, and the Board agrees, that such an interpretation would be unreasonable and strained. Accordingly, the Court found that "upon the effective date of this provision" was intended to create a right and set the time from which that right could be exercised, thus reading "upon" to mean "as of." In doing so, the Court rejected the Board's contention that the phrase was intended to offer a limited period to act in that the phrase should be interpreted as creating a right which would terminate after "a reasonable time from the effective date." It is from this ruling that the Board files its Motion for Reconsideration.

The Board again argues that where a statute is silent as to the express time for the performance of an act, there is an implicit requirement that the act be performed within a reasonable time. In support of this position, the Board relies upon the case of *Board of Supervisors v. King Land Corp.*, 238 Va. 97 (1989). The Court finds that reliance to be misplaced. *King Land* involved a statute requiring the promulgation of regulations regarding financial responsibility bonds for the operation of waste disposal sites, compliance with which would be the prerequisite for issuance of a permit. There was no specific deadline for the regulations to be enacted. The State Board of Health failed to promulgate regulations in over five years subsequent to the effective date of the statute. The Supreme Court held that where "a *public official* is charged by statute to perform a duty, but the statute is silent as to the express time by which the duty must be performed, there is an implicit requirement that its mandate be fulfilled within a reasonable time." *Id.* at 104 (emphasis added). The Complainants in this case are not public officials, and they were not charged to perform a duty. They are private citizens for whom a right was created by the General Assembly, which right gave them the discretion to act or not to act.

*King Land* also reaffirms the "Mischief Rule" of statutory interpretation. That rule was developed by four centuries of common law as a means of determining and enforcing the legislative intent behind a law. The Court agrees with the Board's position that the "mischief" which the General Assembly intended to address was that certain localities were not required to provide

group health insurance for their retirees. The "remedy" was to require the localities to permit the retirees to have coverage after retirement. Applying the rule to "suppress the mischief and advance the remedy" would require a statutory interpretation which extended, rather than limited, the access to coverage. The fact that Fairfax County voluntarily had offered the same benefit to its retirees prior to the enactment of the amended statute does not change the intent to extend benefits to all qualifying retirees. There is no "mischief" seeking a "remedy" in the Board's position.

The Motion for Reconsideration is denied without further oral argument.